IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT LEE HARRIS                                                 PLAINTIFF

vs.                                Civil No. 1:10-cv-01025

MICHAEL J. ASTRUE                                      DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Robert Lee Harris ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **REVERSED and REMANDED.**

**1. Background:**

Plaintiff filed his applications for DIB and SSI on September 26, 2006. (Tr. 85-87, 90-92).[1] Plaintiff alleged he was disabled due to back surgery, ulcers, extreme pain, leg numbness, stomach surgery, arthritis, and having one kidney. (Tr. 12, 107, 130). Plaintiff alleged an onset date of June

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

12, 2006. (Tr. 108). These applications were initially denied on November 13, 2006 and were denied again on reconsideration on February 26, 2007. (Tr. 61-67, 73-74).

On March 9, 2007, Plaintiff requested an administrative hearing on his applications. (Tr. 75). This hearing request was granted, and an administrative hearing was held on May 21, 2008 in Little Rock, Arkansas. (Tr. 22-57). Plaintiff was present and was represented by counsel at this hearing. *See id.* Plaintiff, Plaintiff's witness Harold Swift, and Vocational Expert ("VE")William David Elmore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had high school education. (Tr. 20, 26).

On June 30, 2008, the ALJ entered an unfavorable decision on Plaintiff's applications for DIB and SSI. (Tr. 12-21). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 20, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 12, 2006, his alleged onset date. (Tr. 20, Finding 2). The ALJ determined Plaintiff had the severe impairments of degenerative joint disease of the lumbar spine and status postop perforated gastric ulcer repair. (Tr. 20, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 20, Findings 4,5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 17-18).

Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for the full range of sedentary work. (Tr. 20, Finding 7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 19-20, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. (Tr. 55-56). The VE testified that Plaintiff's PRW included work as a machine operator, box stacker, chainsaw operator, concrete finisher, construction laborer, carpenter, and forklift operator. *See id.* The ALJ found Plaintiff could not perform this PRW. (Tr. 20, Finding 6).

The ALJ then used Medical-Vocational Guidelines Rule 201.21 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. See 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.22. (Tr. 20, Finding 11). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 21, Finding 12).

On July 22, 2008, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 7). *See* 20 C.F.R. § 404.968. On January 6, 2010, the Appeals Council declined to review the ALJ's decision. (Tr. 1-4). On March 30, 2010, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred by failing to give the proper weight to Plaintiff's treating physician, and by relying on the Grids in light of Plaintiff's non-exertional limitations. ECF No. 9, Pages 11-17. In response, the Defendant argues the ALJ did not err in any of his findings.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

5

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to perform a full range of sedentary work activity. (Tr. 20). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physician, Dr. Kerry Pennington. ECF No. 9, Pgs. 11-15. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record. ECF No. 10, Pgs, 4-7.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff alleged disability based in part on back pain. Plaintiff relies on the opinions of Dr. Pennington who has been treating Plaintiff for low back pain since March 8, 2002. (Tr. 191). Specifically, Plaintiff relies on Medical Source Statement of Ability To Do Work-Related Activities (Physical) (Medical Source Statement) regarding Plaintiff's functional limitations which was completed by Dr. Pennington on May 16, 2007. (Tr. 186-187). Dr. Pennington indicated that due to Plaintiff's back pain, secondary to degenerative disc disease, Plaintiff would need the following requirements at the workplace: change positions frequently; frequent rest periods; longer than normal breaks; and an opportunity to shift, at will, from sitting, standing or walking. (Tr. 186). Dr. Pennington also stated Plaintiff would be absent from work more than four days per month. (Tr. 187). Dr. Pennington found Plaintiff should avoid all exposure to fumes, odors, dusts, and gases, as well as solvents, cleaners, and chemicals and should avoid even moderate exposure to extreme cold/heat, high humidity, perfumes, and soldering fluxes. (Tr. 187).

The ALJ stated he had reviewed Dr. Pennington's opinion in the Medical Source Statement, but did not give it controlling weight for the following reasons:

> I find that his opinion is based solely on the claimant's subjective complaints, and that there is no clinical or diagnostic evidence of record that establishes a back impairment of the severity alleged. Except for tenderness on examination of the lower lumbar on palpation, examinations have shown full range of motion and normal gait, no pain on straight leg raising, and neurological examinations were intact.

(Tr. 16).

The ALJ did not provide detail as to how Dr. Pennington's opinions were unsupported or inconsistent with other substantial evidence in the record. Furthermore, it cannot be said the record contains other medical assessments which are supported by better or more thorough medical evidence as no other medical evidence regarding treatment of Plaintiff's back pain is in the record

other than that of Dr. Pennington which dates back to 2002.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician, Dr. Pennington. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Pennington. This should include an orthopedic consultative evaluation and further development of the effect of Plaintiff's back surgery which occurred in 1995. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **14th day of April, 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

8